# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JENNIFER A. JOHNSON, Executor of the Estate of THOMAS E. HEFFRON     ) ) ) | |
|     ) | Case No. 15-cv-0996 |
| Plaintiff,     ) ) | |
|     ) | Judge Sharon Johnson Coleman |
| v.     ) ) | |
| DITECH FINANCIAL, LLC, f/k/a GREEN TREE SERVICING, LLC, a Delaware Limited Liability Company     ) ) ) ) | |
| Defendant.     ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Thomas E. Heffron, brought this action against the defendant, Green Tree Servicing, LLC (now known as Ditech, but referred to herein as "Green Tree"), alleging that Green Tree violated the Fair Debt Collection Practices Act while attempting to collect a debt from him. Heffron passed away while this action was pending, and the executor of Heffron's Estate was subsequently substituted as the plaintiff in this action (for the sake of simplicity the plaintiff is referred to as "Heffron" throughout). Green Tree now moves this Court to grant summary judgment in its favor. For the reasons set forth below, that motion [58] is granted in part and denied in part.

## Background

The following facts are undisputed except where otherwise noted. Heffron obtained a mortgage from GMAC Mortgage Corporation (GMAC) in May 2007. In February 2013, GMAC transferred the servicing of Heffron's mortgage to Green Tree. Heffron's loan was in default when it was transferred to Green Tree. Between March 2013 and December 2014, Green Tree and Heffron exchanged written correspondence regarding the status of Heffron's loan, permanent loan modification options, and loss mitigation assistance.

In addition to sending written correspondence, Green Tree also placed 138 calls to Heffron between April 1, 2013 and July 30, 2014. All but fourteen of those calls were placed between January and April of 2014 (see Table 1 below). Green Tree's calls occurred between 8:00 a.m. and 9:00 p.m. on every day of the week but Sundays. Although Green Tree called Heffron up to six times a day, Green Tree never placed those calls in rapid succession. Heffron only answered three of Green Tree's calls. Heffron ultimately asked Green Tree to stop calling him, and Green Tree complied.

**Table 1[1]: Call Log for January 11, 2014–April 30, 2014**

| January 2014 | | February 2014 | | March 2014 | | April 2014 | |
|---|---|---|---|---|---|---|---|
| date | # of calls | date | # of calls | date | # of calls | date | # of calls |
| 15 | 2 | 13 | 2 | 11 | 3 | 1 | 2 |
| 17 | 2 | 17 | 2 | 13 | 2 | 25 | 2 |
| 20 | 3 | 19 | 2 | 15 | 2 | 28 | 3 |
| 23 | 3 | 20 | 2 | 18 | 2 | 29 | 2 |
| 24 | 5 | 21 | 2 | 19 | 3 | 4 days | 9 calls |
| 27 | 4 | 24 | 4 | 20 | 3 | | |
| 28 | 5 | 25 | 4 | 21 | 2 | | |
| 7 days | 24 calls | 7 days | 18 calls | 24 | 3 | | |
| | | | | 25 | 3 | | |
| | | | | 26 | 3 | | |
| | | | | 27 | 2 | | |
| | | | | 28 | 3 | | |
| | | | | 29 | 3 | | |
| | | | | 31 | 6 | | |
| | | | | 14 days | 40 calls | | |

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor

---

[1] Table 1 was set forth in Heffron's Rule 56.1 statement and is not disputed by Green Tree.

of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Discussion**

Green Tree first contends that summary judgment is proper on Heffron's section 1692d(5) claim. The FDCPA protects consumers from abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692 *et seq.*; *Bass v. Stolper, Koritzinksky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). Specifically, section 1692d(5) forbids a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number." 15 U.S.C. § 1692d(5). A party can establish intent to annoy, abuse, or harass by showing that the debtor asked the debt collector to stop contacting him but that the debt collector continued to do so. *Hendricks v. CBE Grp., Inc.*, 891 F. Supp. 2d 892, 896 (N.D. Ill. 2012) (Bucklo, J.). A party can also establish harassment by showing that the volume and pattern of calls themselves evidence an intent to harass. *Id.* Here, it is undisputed that Green Tree's calls to Heffron were placed before Heffron asked Green Tree to stop calling him. Accordingly, Heffron must establish Green Tree's intent to harass through the volume and pattern of calls that he received. *Hendricks*, 891 F. Supp. 2d at 896.

Heffron asserts that the 124 calls that Green Tree placed between January 11, 2014 and April 30, 2014 establish Green Tree's intent to harass. Courts in this district have uniformly maintained that "the reasonableness of the volume and pattern of telephone calls is a question of fact best left to a jury." *Majeski v. I.C. Sys., Inc.*, No. 08 CV 5583, 2010 WL 145861, at *2–4 (N.D. Ill. Jan. 8, 2010) (Coar, J.); *see also Swearingen v. Portfolio Recovery Assocs., LLC*, 892 F. Supp. 2d 987, 994 (N.D. Ill. 2012)

(Chang, J.) (internal quotations and citations omitted) ("Courts have phrased the central issue under § 1692d(5) to be whether the volume and pattern of calls demonstrates an intent to contact debtors rather than an intent to annoy, abuse or harass them . . . . The issue of intent is often a question for the jury.").

Green Tree, conversely, asserts that the volume and pattern of calls that a debtor received is not enough to establish a debt collector's intent to harass. Instead, Green Tree contends that the volume and pattern of calls must be accompanied by a showing of oppressive conduct. Green Tree points to other jurisdictions which appear to require a plus factor of oppressive or egregious conduct in order to establish that a pattern of phone calls constitutes harassment. *See, e.g., Litt v. Portfolio Recovery Assocs. LLC*, 146 F. Supp. 3d 857, 873–74 (E.D. Mich. 2015) (explaining that in the absence of other harassment or oppressive conduct, the debt collector's 213 calls to the debtor could not create a triable issue of fact); *Carmen v. CBE Grp.*, 782 F. Supp. 2d 1223, 1232 (D. Kan. 2011) (concluding that the debt collector's 149 calls in a two month period could not raise an issue of fact without "any indicia of . . . egregious conduct"); *Jones v. Rash Curtis & Assocs.*, No. 10-CV-0225, 2011 WL 2050195, at *3 (N.D. Cal. Jan. 3, 2011) (explaining that absent other evidence of unprofessional or misleading language, improper timing, or calls to a known inconvenient place, 179 calls from a debt collector in one year did not constitute harassment).

Green Tree, however, does not offer any authority from the Seventh Circuit or this district requiring an additional showing of oppressive conduct to establish that a number or volume of calls was intended to annoy, abuse, or harass. Nor does Green Tree offer any compelling argument as to why this Court should deviate from the previous rulings of its colleagues and follow precedents from other jurisdictions. In the absence of precedent or argument to support the standard that Green Tree advances, this Court declines to require that Heffron make a showing of oppressive conduct independent of the volume and pattern of calls that he received.

Green Tree alternatively maintains that its employees did not engage in any conduct with the intent to harass, oppress, embarrass, or abuse because it is undisputed that Green Tree only placed an average of eight calls a month during a sixteen moth period (approximately 138 calls to Heffron in that time period), called him no more than six times in a single day, and did not call him at inconvenient times. Indeed, a jury could conclude that Green Tree's calls constituted a reasonable attempt to contact Heffron. A jury, however, could find otherwise, particularly given the sheer number and daily volume of calls that Heffron received between January and April 2014. *See, e.g.*, *Hendricks*, 891 F. Supp. 2d at 896–97, (denying summary judgment where the debt collector called the debtor three times a day, seven days a week, for two months); *Majeski*, 2010 WL 145861, at *2–4 (denying summary judgment where the debt collector called the debtor sixty-seven times in a six-month span). Heffron accordingly has presented sufficient evidence to survive summary judgment on his section 1692d(5) claim.

Green Tree also seeks summary judgment on Heffron's section 1692d(6) claim. Section 1692d(6) requires a debt collector to provide "meaningful disclosure" of its identity when placing a telephone call. Although the statute does not define "meaningful disclosure," courts in this district have held that the statute requires debt collectors like Green Tree to disclose the name of their company and that the purpose of the call was debt collection. *Pawelczak v. Fin. Recovery Servs., Inc.*, 286 F.R.D. 381, 387 (N.D. Ill. 2012) (Leinenweber, J.) (citing *Hutton v. C.B. Accounts, Inc.,* No. 10-3052, 2010 WL 3021904, at *3 (C.D. Ill. Aug. 3, 2010)).

Heffron contends that Green Tree violated section 1692d(6) by failing to leave voicemails identifying itself and the purpose of its calls on ninety-nine occasions.[2] Although courts in this district have not addressed a debt collector's obligation to leave voicemails, other courts have

---

[2] Heffron asks this Court to infer that ninety-nine of Green Tree's calls to Heffron were "hang-ups" because no recording of those calls was made. Taking the evidence in the plaintiff's favor, this Court will assume that this was the case for the purpose of ruling on this motion despite the absence of evidence supporting the validity of this inference.

uniformly concluded that failing to leave a voicemail, absent other conduct, does not violate section 1692d(6). *See, e.g.*, *Clark v. Quick Collect, Inc.*, No. CV 04–1120–BR, 2005 WL 1586862, at *4 (D. Or. 2005) ("failure to leave a message at [debtor's] residence does not by itself violate [section 1692d(6)]."); *Udell v. Kan. Couns., Inc.*, 313 F. Supp. 2d 1135, 1143 (D. Kan. 2004) ("When [section 1692d(6)] is read in conjunction with the entirety of § 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute."). This Court agrees that failure to leave a voicemail, absent more, is not the type of harassing conduct contemplated by the statute.

Aside from Green Tree's failure to leave voicemails on ninety-nine occasions, Heffron has offered no evidence or argument establishing that Green Tree failed to disclose its identity and the purpose of its calls when Heffron answered the phone. Heffron has accordingly failed to establish a dispute of material fact as to his section 1692d(6) claim.

**Conclusion**

For the foregoing reasons, Green Tree's motion for summary judgment is granted with respect to Heffron's section 1692d(6) claim and denied with respect to the section 1692d(5) claim.


IT IS SO ORDERED.

Date:   August 24, 2017

Entered: _____
          SHARON JOHNSON COLEMAN
          United States District Court Judge